Daniel, Judge,
 

 after stating the case as above, proceeded : — It is here contended for the defendant, that from the facts disclosed in the case, the grant to Daniel Van Pelt never was recorded in the Secretary’s Office; and that it is void by force of the act of 1777,
 
 (Rev. ch.
 
 114, s. 11). That section of the act is in these words: “ That the secretary shall make out grants for all surveys returned to his office, which grants shall be authenticated by the
 
 *212
 
 Governor, and countersigned by the Secretary, and recorded in his office, ready toffie delivered to the parties to whom the same shall be made, on the first day of April and October in every year; and every person obtaining a grant for lands, shall within twelve months after such grant shall be perfected as aforesaid, cause the same to be registered in the Register’s Office of the county where the lands shall lie, otherwise such grant shall be void.” This Court, in the case of
 
 Slade
 
 v.
 
 Green,
 
 2 Hawks, 226, put a construction upon this section of the act of 1777. It is there said, “ that the grant is directed to be registered in the Secretary’s Office, but it is made the duty of the Secretary to have it done, and the grantee ought not to be injured by his neglect. By the same
 
 section
 
 it is made the duty of the grantee to have it registered in the county where the lands lie, and in case of neglect it is declared void: but this penalty is not referable to the first part of the section, which directs registration in the Secretary’s Office. That would be inflicting punishment on the innocent, which is due to the guilty.” We think this is a correct construction, and therefore concur in the same. But the land offices were closed by the act of 1781,
 
 (Rev. ch.
 
 172,) and the
 
 act
 
 of 1777 was repealed so far as it was inconsistent with the latter act. The act of 1783,
 
 (Rev. ch.
 
 185,) reopened the land offices ; and the 14th section of this act is the same
 
 verbatim
 
 with the 11th section óf the act of 1777, except the sentence “ otherwise such grants shall be void,” which is omitted.
 

 The act of Assembly does not require of the Secretary to indorse upon the grant, before its delivery to the grantee, a certificate that it has been recorded in his office; and we learn from the Secretary, that from the period when the proprietary government ceased, more than a hundred years ago, until since he came into office, no such indorsations have ever in fact been made. It has been usual to require from the assistants in the office a memorandum of the recording for the information of the secretary, and to govern him in the delivery of the grants. In the absence of any positive requirement of such a certificate, and from the long usage which we
 
 *213
 
 regard as high evidence of this, and the former laws on the same subject, we hold that a grantee is not bound to show affirmatively, that his grant has been recorded. The entire ground of the defendant’s objection is taken away, because he did not show that the grant had not been recorded. Upon the delivery to the grantee, the presumption of law is, that the grant has been perfected, and this presumption must continue until it has been proved, that the fact is otherwise. But upon examining the supposed copy, it seems to us, that the grant has been recorded, although inaccurately and defectively. The misprisions of the clerk are reprehensible, but do not annul the act. If registration
 
 necessarily
 
 implies an exact transcript,
 
 literatim et verbatim,
 
 the reason of the law for requiring the original to be produced in all cases where it can be had, would fail. Errors and mistakes are incident to frail human nature. The original is always expected to speak more correctly than a copy. We think the evidence was admissible, and that the judgment should be affirmed.
 

 Per Curiam. Judgment affirmed.